PER CURIAM.
Longman appeals from an order granting final summary judgment to appellee in this employment discrimination case. We affirm in part and reverse in part.
Appellant filed a complaint pursuant to Chapter 760, Florida Statutes, 42 U.S.C. § 2000e et seq. (Title VII), and 42 U.S.C. § 1981 in which she alleged both racial and gender discrimination. Upon appellee’s motion, the trial court granted summary judgment to appellee, determining that (1) appellant failed to show a prima facie case of either gender or race discrimination; (2) there was no genuine issue of material fact in dispute; and (3) the court lacked subject matter jurisdiction because the state had not waived sovereign immunity under chapter 760.
We agree that appellant did not present a prima facie case of racial discrimination. The court, however, erred in granting summary judgment for failure to establish a prima facie case as to appellant’s gender discrimination claim. See Hill v. Metropolitan Atlanta Rapid Transit Auth., 841 F.2d 1533, 1540 (11th Cir.1988); see also Schoenfeld v. Babbitt, 168 F.3d 1257, 1268 (11th Cir.1999); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir.1994). We also reverse the court’s determination that there were no disputed issues of material fact on this claim.
Finally, we reverse the trial court’s determination that it lacked subject matter jurisdiction over appellant’s claim under the Florida Civil Rights Act because the claim was barred by sovereign immunity. During the pendency of this appeal, this court held that the defense of sovereign immunity has been waived under chapter 760, Florida Statutes. See Klonis v. Department of Revenue, 766 So.2d 1186, 1190 (Fla. 1st DCA 2000); Bell v. Board of Regents, 768 So.2d 1244 (Fla. 1st DCA 2000).
Accordingly, we affirm in part and reverse in part and remand for further proceedings in accordance with this opinion.
MINER, ALLEN and BENTON, JJ., concur.